UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT T. POLAND, | ) | CASE NO. 1:07 CV 1861 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WILLIAM TOMSON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On June 21, 2007, plaintiff pro se Robert T. Poland, an inmate at the Marion Correctional Institution, filed this in forma pauperis action under 42 U.S.C. § 1983 against William Tomson, an attorney who represented Poland in a criminal proceeding in the Cuyahoga County Common Pleas Court.  The complaint alleges Tomson did not properly represent plaintiff, resulting in plaintiff's conviction for burglary instead of theft.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

In <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Poland does not meet the threshold requirement in <u>Parratt</u>. A criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976). Therefore, Tomson is not amenable to suit under section 1983 unless he engaged in a conspiracy with public officials. <u>Tower v. Glover</u>, 467 U.S. 914 (1984). The complaint contains no reasonable suggestion of such a conspiracy.

Further, the allegations set forth in the complaint challenge the validity of plaintiff's conviction and resulting confinement in a penal institution. The Supreme Court has held

---

[1]     A claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 501 (1973)

Accordingly, this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>s/Christopher A. Boyko</u>
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

August 16, 2007